T. C. Brown, plaintiff in error, *vs.* William C. Gill, defendant in error.

(By two judges.)  If a levy be made of a *fi. fa.* founded on a debt contracted prior to June, 1865, and there be no affidavit of payment of taxes, as required by the fifth section of the Act of 1870, the defendant may stop the progress of the *fi. fa.* by affidavit of illegality.  27th February, 1872.

Illegality.  Relief Act of 1870.  Before Judge Clark. Lee Superior Court.  September Term, 1871.

In December, 1861, Gill sued out an attachment against Brown's property, on a note dated the 8th of October, 1860, and indorsed by Brown to Gill.  Judgment was entered by default in April, 1871.  When the attached property was about to be sold, Brown made oath that the *fi. fa.* was proceeding illegally, because the said debt was contracted prior to June, 1865, and had never been scaled under the Relief Acts; and he claimed the right to scale it because, during the war, he had lost nine-tenths of his property—say $5C,000; because he had not notice of said suit; because Gill filed no affidavit as to the payment of taxes as required by the Relief Act of 1870, either before he took said judgment or before he caused the levy of the *fi. fa.* to be made.  This affidavit was demurred to.  The Court dismissed, with leave to Brown to move to dismiss the levy.  That is assigned as error by Brown.

Vason & Davis, by Clark & Goss, for plaintiff in error.

C. B. Wooten, for defendant.

McCay, Judge.

It is true that the Act of October 13th, 1870, only provides for an affidavit, in case the plaintiff makes one.  In such case, by the fifth section, the defendant may deny the truth of the plaintiff's affidavit.  But the spirit of the pro-

vision applies as well to the case of the plaintiff undertaking to go on without the affidavit.

But, independently of this, it is clear that section fifth of the Act makes it *illegal* for the plaintiff to proceed without the affidavit. Why should not an affidavit of illegality apply as well to *this* illegal proceeding as to any other proceeding illegally?

We see no reason why it should not. Section 3614 of the Code authorizes the defendant to stop the plaintiff by affidavit, etc., whenever the execution is proceeding illegally. Under that section, if not under the fifth section of the Act of October 13th, 1870, this proceeding is authorized.

Judgment reversed.